IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CROSSFIT, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PAUL ROMERO, individually, and d/b/a MAKENA PERFORMANCE and CLUB MAKENA, and CROSSFIT MAKENA L.P.,<br><br>　　　　　Defendants. | Civil No. 24-00297 LEK-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

On October 7, 2024, Plaintiff Crossfit, LLC ("Plaintiff"), filed a Motion for Default Judgment Against Defendants Paul Romero d/b/a Makena Performance and Club Makena ("Mr. Romero"), and Crossfit Makena, L.P. (collectively, "Defendants") ("Motion for Default Judgment"). ECF No. 17. On December 27, 2024, the Court issued a Findings and Recommendation to Grant Plaintiff's Motion for Default Judgment ("12/27/2024 F&R"). ECF No. 23. Therein, the Court found and recommended that the district court award Plaintiff reasonable attorneys' fees and costs incurred in this matter. *Id.* at 17.

On January 13, 2025, the district court issued an order adopting the 12/27/2024 F&R ("01/13/2025 Order"). ECF No. 25. That same day, the Clerk of

Court entered default judgment against Defendants pursuant to the 12/27/2024 F&R and 01/13/2025 Order.  ECF No. 26.

On March 5, 2025, Plaintiff filed two declarations in support of the award of attorneys' fees and costs.  ECF Nos. 28, 29.  For the reasons set forth below, the Court FINDS and RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's request for attorneys' fees and costs.

## DISCUSSION

Plaintiff requests an award of $36,155.00 for attorneys' fees incurred in connection with obtaining default judgment against Defendants.  ECF No. 29 at 8–9 ¶ 17.  This amount is based on work performed by three attorneys, Abigail M. Holden, Esq. ("Ms. Holden"), John F. Farraher, Jr., Esq. ("Mr. Farraher"), and Karl T. Fisher, Esq. ("Mr. Fisher").  *See generally* ECF Nos. 28, 29.  Ms. Holden and Mr. Farraher submitted declarations in support of the request.  *Id.*  Plaintiff requests (1) $6,985.00 as to Ms. Holden, (2) $22,120.00 as to Mr. Farraher, and (3) $7,050.00 as to Mr. Fisher.  ECF No. 29 at 8–9 ¶ 17.

I.   Plaintiff's Request for Attorneys' Fees as to Mr. Farraher and Mr. Fisher

Ms. Holden is counsel of record for Plaintiff in this case.  Mr. Farraher states in his declaration that he is an attorney and shareholder with the law firm Greenberg Traurig, LLP ("GT"), which represents Plaintiff "nationally in connection with the enforcement of [Plaintiff's] intellectual property rights."  ECF

2

No. 28 at 2 ¶¶ 1–2. Mr. Farraher states that Mr. Fisher is another GT attorney who assisted in this matter. *Id.* at 3 ¶ 5. Mr. Farraher and Mr. Fisher have neither formally entered an appearance in this case nor applied to appear pro hac vice.

The Court notes, however, that Plaintiff represented in a number of pleadings that pro hac vice applications were forthcoming. *See, e.g.*, ECF No. 1 at 1; ECF No. 8 at 1; ECF No. 12 at 1; ECF No. 17 at 1; ECF No. 20 at 1. In the declarations submitted in support of the request for attorneys' fees and costs, Plaintiff noted that pro hac vice applications would be submitted "if necessary." ECF No. 28 at 1; ECF No. 29 at 1.

The Ninth Circuit has stated:

> [A]ttorneys who have not applied to appear pro hac vice may recover fees in two circumstances: (1) if the attorney at issue "would have certainly been permitted to appear pro hac vice as a matter of course had he or she applied"; or (2) if the work of the attorney "did not rise to the level of 'appearing' before the district court."

*Hanrahan v. Statewide Collection, Inc.*, No. 21-16187, 2022 WL 3998565, at *1 (9th Cir. Sept. 1, 2022) (quoting *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822–23 (9th Cir. 2009)). The Court addresses whether either of these two circumstances applies in turn below.

    A.    Whether Mr. Farraher and Mr. Fisher Would Have Certainly Been Permitted to Appear Pro Hac Vice

Local Rule 83.1 governs the admission and continuing membership in the bar of the United States District Court for the District of Hawaii. LR83.1. If an

individual is not a member of this bar, he or she must apply for leave to practice in this court in accordance with Local Rule 83.1(c). *See* LR83.2 ("Only a member of the bar of this court . . . , or an attorney otherwise authorized by LR83.1 to practice before this court, may enter an appearance for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree, or order.").

Local Rule 83.1 sets forth the information an applicant is required to submit when seeking to appear pro hac vice. *See* LR83.1(c)(2)(B)(i)–(vi). For example, the applicant is required to state:

> (ii)   In what court(s) the attorney has been admitted to practice and the date(s) of admission;
>
> (iii)  That the attorney is in good standing and eligible to practice in said court(s);
>
> (iv)   Whether and under what circumstances the attorney:
>
>> (a)   Is currently involved in disciplinary proceedings before any state bar, federal bar, or its equivalent;
>
> . . .
>
> (v)    Whether the attorney has concurrently or within the year preceding the current application made any pro hac vice application in this court, and if so, the case name and number of each matter wherein the attorney made the application, the date of the application, and whether or not the application was granted . . . .

LR 83.1(c)(2)(B)(ii)–(v). In addition, Local Rule 83.1 states that an attorney is not eligible for pro hac vice admission if one or more of the follow apply: "the attorney resides in Hawaii; the attorney is regularly employed in Hawaii; or the

4

attorney is regularly engaged in business, professional, or law-related activities in Hawaii." LR83.1(c)(2)(A).

Here, the Court acknowledges that there is nothing in the record indicating that Mr. Farraher and Mr. Fisher are ineligible for pro hac vice admission or that their applications would be denied. At the same time, however, Mr. Farraher's declaration does not set forth all of the information required for this Court to find that Mr. Farraher and Mr. Fisher would certainly have been permitted to appear pro hac vice had they applied. Mr. Farraher states that he has been licensed to practice in Massachusetts since 1994 and is in good standing. ECF No. 28 at 2 ¶ 3. Mr. Farraher states that Mr. Fisher has been licensed to practice in Massachusetts since 2019, and in Texas since 2015, and is in good standing. *Id.* at 3 ¶ 5. Mr. Farraher does not state whether he and Mr. Fisher have any pending disciplinary proceedings or whether they have applied for pro hac vice admission in this district court within the last year. The latter is used to evaluate whether attorneys are regularly employed in Hawaii or regularly engaged in business, professional, or law-related activities in Hawaii.

"[T]he Court has discretion whether to grant or deny an attorney pro hac vice admission. . . . Admission pro hac vice is a privilege, not a right." *PayArc LLC v. Valyou Furniture, Inc.*, CIV. NO. 22-00288 JMS-RT, 2023 WL 6297886, at *5 (D. Haw. Aug. 31, 2023) (quoting *Grant v. Kamehameha Sch./Bernice*

5

*Pauahi Bishop Est.*, Civ. No. 08-00555 DAE-LEK, 2009 WL 855831, at *1 (D. Haw. Mar. 30, 2009)).  Based on the foregoing, the Court cannot find that Mr. Farraher and Mr. Fisher would certainly have been permitted the privilege to appear pro hac vice.

      B.      Whether Mr. Farraher's Work Arose to the Level of "Appearing" Before the District Court

The Ninth Circuit has previously stated:  "An attorney who does not physically appear in court, sign pleadings, or serve as the exclusive contact with the client or opposing counsel has not appeared."  *Waite v. Clark Cnty. Collection Serv., LLC*, 606 Fed. App'x 864, 866 (9th Cir. Mar. 26, 2015) (citing *Winterrowd*, 556 F.3d at 825).  In *Winterrowd*, the plaintiffs sought fees for an out-of-state attorney, who had not been admitted pro hac vice.  *Winterrowd*, 556 F.3d at 817.  The Ninth Circuit held that the plaintiffs were entitled to fees for this attorney because he (1) did not physically appear before the district court, (2) did not sign pleadings, (3) had minimal, nonexclusive contact with the plaintiffs, and (4) "did not render legal services directly to the plaintiffs."  *Id.* at 825.  Rather, the Ninth Circuit found that attorney's "role was similar to . . . litigation support or consultants, and distinguishable from an 'appearance.'"  *Id.* (citation omitted).

Similarly, in *Waite*, the Ninth Circuit held that the district court abused its discretion in denying fees for the plaintiff's unadmitted, out-of-state attorney.  *Waite*, 606 Fed. App'x at 866.  The district court found that the attorney had

6

communicated with the plaintiff, handled all settlement negotiations with opposing counsel, and reviewed and edited discovery requests, among other things. *Id.* The Ninth Circuit noted, however, that the attorney had never appeared in court, did not sign pleadings, and was not the exclusive contact with the plaintiff or opposing counsel. *Id.* The Ninth Circuit also noted that this attorney had only billed a total of two hours. *Id.* The Ninth Circuit thus held that the district court erred in concluding that the attorney "appeared" in the action. *Id.*

With respect to Mr. Farraher, he has not physically appeared in court or signed pleadings. According to the attorneys' time entries, however, Mr. Farraher served as the exclusive contact with Plaintiff. *See* ECF No. 28-1 at 2–3. The time entries also indicate that Mr. Farraher is the only attorney who communicated directly with Defendants. *See id.* There are no time entries indicating that Ms. Holden or Mr. Fisher communicated with Plaintiff or Defendants. *See id.* at 3–4; ECF No. 29-2.

What distinguishes this case from *Winterrowd* and *Waite*, though—and what is troubling to the Court—is the significant role Mr. Farraher played in representing Plaintiff in this action. Mr. Farraher's conduct here went beyond support and consultation. According to the time entries, Mr. Farraher performed most of the strategizing and drafting in connection with the Complaint and Motion for Default Judgment. *See* ECF No. 28-1 at 2–4. Mr. Farraher worked with Mr.

7

Fisher, his associate, to conduct legal research and analyze federal caselaw from the District of Hawaii and the Ninth Circuit. *See id.* In addition, Mr. Farraher consulted with another attorney in his firm, Zachary C. Kleinsasser, Esq., who represents clients in actions to enforce their intellectual property rights, on numerous occasions regarding this matter. *See* ECF No. 28 at 3 ¶ 4; ECF No. 28-1 at 2–3. Although Mr. Farraher did not sign his name on any filings in this case other than his current declaration, those filings are certainly the work product of legal services rendered by Mr. Farraher.

In sum, Mr. Farraher served as the exclusive contact with Plaintiff and played a significant role in representing Plaintiff. This is reflected in Plaintiff's request, with Mr. Farraher's and his associate's requested hours making up 81.26% of the total requested hours (31.6 hours for Mr. Farraher, 23.5 hours for Mr. Fisher, and 12.7 hours for Ms. Holden). In addition, Mr. Farraher rendered legal services directly to Plaintiff. Based on these considerations, the Court finds that Mr. Farraher has effectively "appeared" in this action for purposes of awarding attorneys' fees and costs.

Because the Court cannot say that Mr. Farraher would certainly have been permitted to appear pro hac vice, and because the Court finds that Mr. Farraher meets the Ninth Circuit standard of having "appeared" in this case, the Court finds that Plaintiff is not entitled to fees incurred through Mr. Farraher. The Court thus

8

recommends that the district court deny Plaintiff's request for attorneys' fees as to Mr. Farraher.

      C.     Whether Mr. Fisher's Work Arose to the Level of "Appearing" Before the District Court

With respect to Mr. Fisher, the Court finds that Mr. Fisher's work rose to the level of "appearing" before the court. Mr. Fisher has not physically appeared in court or signed pleadings. Mr. Fisher had minimal, nonexclusive contact with Plaintiff. Mr. Fisher, however, worked closely with Mr. Farraher to perform most of the drafting and legal research for the Motion for Default Judgment. *See* ECF No. 28-1 at 3–4. Although Mr. Fisher did not sign his name on the motion, it is certainly the work product of legal services rendered by Mr. Fisher. Mr. Fisher played a significant part in obtaining default judgment against Plaintiff. This is reflected in Plaintiff's request, where it seeks to recover fees for more work performed by Mr. Fisher than Ms. Holden, Plaintiff's counsel of record. The Court thus finds that Mr. Fisher rendered legal services directly to Plaintiff and has effectively "appeared" in this action for purposes of awarding attorneys' fees and costs.

Because the Court cannot say that Mr. Fisher would certainly have been permitted to appear pro hac vice, and because the Court finds that Mr. Fisher meets the Ninth Circuit standard of having "appeared" in this case, the Court finds that Plaintiff is not entitled to fees incurred through Mr. Fisher. The Court thus

recommends that the district court deny Plaintiff's request for attorneys' fees as to Mr. Fisher.

II.　　Plaintiff's Request for Attorneys' Fees as to Ms. Holden

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).

　　A.　　Number of Hours Reasonably Expended

Plaintiff requests 12.7 hours for Ms. Holden. ECF No. 29 at 9 ¶ 17; ECF No. 29-2 at 2. The Court has carefully reviewed Ms. Holden's time entries and finds that the time she spent on this case is reasonable. The Court also finds that such tasks "were associated with the relief requested and reasonably necessary to achieve the results obtained." *Carpet, Linoleum & Soft Tile Loc. Union 1926 Annuity Tr. Fund v. 808 Maint. & Flooring Inc.*, CIVIL NO. 23-00063 HG-WRP, 2023 WL 7307952, at *10 (D. Haw. Sept. 27, 2023), *adopted by* 2023 WL 7299933 (D. Haw. Nov. 6, 2023) (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).

B.     Reasonable Hourly Rates

Plaintiff requests an hourly rate of $550 for Ms. Holden.  When determining a reasonable hourly rate, the Court considers the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980–81 (9th Cir. 2008)); *Webb v. Ada Cnty.*, 285 F.3d 829, 840 (9th Cir. 2002) (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits.  *Camacho*, 523 F.3d at 979.

Ms. Holden states that she graduated from the William S. Richardson School of Law, University of Hawaii in 2007, and has approximately 18 years of experience.  ECF No. 29 at 5 ¶ 7.

Based on the information provided by counsel, the nature of this action, and this Court's knowledge of the community's prevailing rates, the Court finds that an hourly rate of $550 is too high.  The Court finds that an hourly rate of $495 is more appropriate for an attorney of Ms. Holden's skill, experience, and reputation.  *See Clark v. Trisler*, Civil No. 22-00559 JAO-KJM, 2025 WL 1184151, at *6 (D. Haw. Apr. 4, 2025), *adopted by* 2025 WL 1180378 (D. Haw. Apr. 23, 2025) (awarding an attorney licensed to practice since 2007 an hourly rate of $495).  The Court thus recommends that the district court award Ms. Holden an hourly rate of $495.

11

C.   Total Lodestar Calculation

The following is a table summary of the Court's lodestar calculations:

| Timekeeper | Rate | Hours | Total Award |
|---|---|---|---|
| Abigail M. Holden, Esq. | $495 | 12.7 | $6,286.50 |
| | | **TOTAL** | **$6,286.50** |

The Court finds the foregoing fees award to be reasonable and declines to adjust this lodestar amount.

III.   Costs

Plaintiff requests $633.16 in costs. ECF No. 29 at 6–7 ¶ 10. Plaintiff seeks taxable costs in the amounts of $192.98 for service of process, $405 for filing fees, and $2.10 for copying costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 54.1. *Id.* at 6–7 ¶¶ 10–11. Because default judgment was entered against Defendants, the Court finds that Plaintiff is the prevailing party. As the prevailing party, Plaintiff is entitled to taxable costs pursuant to Rule 54(d)(1) and Local Rule 54.1. The Court further finds that the requested taxable costs were reasonably incurred. Accordingly, the Court recommends that the district court grant Plaintiff's request for taxable costs in the amount of $600.08.

Plaintiff seeks $33.08 for non-taxable postage costs pursuant to Hawaii Revised Statutes ("HRS") § 607-14. ECF No. 29 at 7 ¶ 12 (citing *Sunday's Child, LLC v. Irongate Azrep BW LLC*, Civil No. 13-00502 DKW-RLP, 2014 WL

12

2451556, at *5 (D. Haw. Apr. 11, 2014), *adopted by* 2014 WL 2451560 (D. Haw. May 30, 2014)).  HRS § 607-14 requires a court to award attorneys' fees to the prevailing party in certain contract actions.  "Although Section 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees, Hawaii courts have awarded non-taxable costs pursuant to Section 607-14." *Sunday's Child, LLC*, 2014 WL 2451556, at *5 (citing *Ko Olina Dev., LLC v. Centex Homes*, CV No. 09-00272 DAE-LEK, 2011 WL 1235548, at *14 (D. Haw. Mar. 29, 2011)).  In deciding whether Plaintiff is entitled to fees or non-taxable costs under HRS § 607-14, the Court must determine whether:  (1) Plaintiff is a prevailing party; and (2) the claims asserted in the Complaint are "in the nature of assumpsit" or "on a promissory note or other contract in writing that provides for an attorney's fee."  HRS § 607-14.

As set forth above, Plaintiff is the prevailing party.  In addition, the Court finds that Plaintiff's claims are in the nature of assumpsit.  Assumpsit is a "common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  *TSA Int'l, Ltd. v. Shimizu Corp.*, 92 Haw. 243, 264, 990 P.2d 713, 734 (1999) (emphasis and citation omitted), *as amended on denial of reconsideration* (Dec. 30, 1999).

13

In the Complaint, Plaintiff alleges that Defendants' intentional and unauthorized use of the federally registered "CrossFit®" trademark violated Plaintiff's intellectual property rights.  ECF No. 1.  Plaintiff alleges an affiliate agreement existed between Plaintiff and Mr. Romero from April 2017 to April 2024.  *Id.* at 7–8 ¶¶ 14–15.  Because the affiliate agreement terminated in April 2024, Defendants are no longer authorized to use Plaintiff's trademark.  *Id.* at 8 ¶ 16.  Although Plaintiff asserts federal, state, and common law claims for trademark infringement and unfair competition, and does not assert any breach of contract claim, the asserted claims arise from the rights and obligations between the parties set forth in their affiliate agreement.  Because these claims arise from contractual obligations set forth in the affiliate agreement, the Court finds that Plaintiff's claims are in the nature of assumpsit.  *Id.* at 7 ¶ 14.

Because Plaintiff is the prevailing party and Plaintiff's claims are in the nature of assumpsit, the Court finds that Plaintiff is entitled to non-taxable costs pursuant to HRS § 607-14.  Accordingly, the Court recommends that the district court grant Plaintiff's request for $33.08 in non-taxable costs pursuant to HRS § 607-14.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's request for

14

attorneys' fees and costs.  The Court RECOMMENDS that the district court GRANT Plaintiff's request for attorneys' fees as to Abigail M. Holden, Esq., for $6,286.50 and Plaintiff's request for $633.16 in costs, for a total amount of **$6,919.66**.  The Court RECOMMENDS that the district court DENY Plaintiff's request for attorneys' fees as to John F. Farraher, Jr., Esq., and Karl T. Fisher, Esq.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 5, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Crossfit, LLC v. Romero, et al.*, Civil No. 24-00297 LEK-KJM; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Request for Attorneys' Fees and Costs